IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID SCHWERDTFEGER,<br><br>   Plaintiff / Counter Defendant<br><br>vs.<br><br>JOHNSON CONTROLS, INC.,<br><br>   Defendant / Counter Claimant | **4:24CV3165**<br><br><br>**ORDER FOR CONSOLIDATION** |
| JOHNSON CONTROLS, INC.,<br><br>   Plaintiff / Counter Defendant<br><br>vs.<br><br>PRAIRIE MECHANICAL CORPORATION,<br><br>   Defendant / Counter Claimant | **4:24CV3184**<br><br><br>**ORDER FOR CONSOLIDATION** |

  This matter is before the court on the parties' unopposed motion to consolidate cases 4:24cv3165 and 4:24cv3184. A telephone conference was held on February 20, 2025 with the undersigned to discuss the parties' motion. Patrick M. Flood appeared for David Schwerdtfeger and Prairie Mechanical Corporation. David L. Zwisler and Tyler D. Meurer appeared for Johnson Controls, Inc.

  Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all

1

matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).

The parties agree that: 1) Both cases involve identical or related parties; 2) Both cases stem from the same set of operative facts and documents; 3) Both cases implicate the same legal theories and defenses; 4) JCI is represented by a single law firm and counsel in both actions and Schwerdtfeger and Prairie are represented by a single law firm and counsel; 5) An Order in one case may significantly impact and/or resolve a majority of the issues in both cases; and, 6) The reassignment and consolidation of JCI I and JCI II will promote judicial economy, conserve judicial resources, and prevent inconsistent verdicts and wasteful overlap. (Filing No. 33 at p. 3 in Case No. 4:24-cv-3165).

Having reviewed the matter, the court finds consolidation pursuant to Fed. R. Civ. P. 42(a) is warranted and the parties' motion to consolidate these cases for all purposes will be granted. Accordingly,

IT IS ORDERED:

1. The parties' joint motion to consolidate in Case No. 4:24cv3165 is granted. (Filing No. 33).

2. The two above-captioned cases are consolidated for all purposes.

3. Case No 4:24cv3165 will be designated as the "Lead Case" and Case No. 4:24cv3184 will be designated as "Member Case."

4. The court's CM/ECF system has the capacity for "spreading" text among the consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in the Member Case. The parties are instructed to file all further documents (except as described below in subsections a. and b. of this paragraph) in the Lead Case and to select the option "yes" in response to the System's question whether to spread the text.

    a. The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; to file items related to service of process; or to file notices of appeal. Attempting to do so will cause a system error, and therefore these documents must be separately filed in each of the lead and member cases. When filing such documents, counsel may either file the document

      separately in each case, or file the document in the Lead Case and ask the court to then file it in all member cases.

    b. If a party believes a document in addition to those described in subparagraph a. should not be filed in the consolidated cases, the party must move for permission to file the item in one or more member cases. The motion must be filed in all the consolidated cases using the spread text feature.

5. The parties shall have until March 7, 2025 to meet, confer, and jointly file a Rule 26(f) Report, encompassing both cases.[1]

Dated this 21st day of February, 2025.

BY THE COURT:

s/ Ryan C. Carson

United States Magistrate Judge

---

[1] See https://www.ned.uscourts.gov/forms. The parties are hereby notified or reminded that the Rule 26(f) Report for civil cases pending in the District of Nebraska has been substantially modified, with an effective date of June 11, 2020.

At the civil bar's request, the court created a Rule 26 Report Calculator for generating proposed dates to complete the Rule 26(f) Report. This online tool was designed to offer insight on how cases are typically progressed in the District of Nebraska. It does not replace the need for counsel to decide what is reasonable and appropriate in a specific case.